**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

**Plaintiff:**                                    **DOCKET: 10 CV 1733**
**Robert E. Poles**
**(Pro se)**                                      **(BMC/LB)**

        **v.**

                                        **JURY DEMANDED**

**Defendants:**
**Brooklyn Community Housing and Services**
**Jeff Nemetsky**
**"Executive Doe"**
**"Executive Roe"**
**Dorian Muller**
**Robin Walker**

**Borah, Goldstein, Altschuler, Nahins & Goidel, P.C**
**"Supervising Attorney Doe"**
**Christopher Halligan**
**Rosalyne Anna Pak**
**Matthew Weilgus**

**Paul Dankel**
**Eric J. Rivera**



RECEIVED
HON. Brian M. Cogan
JUN 16 2010

DOCKET & FILE

RECEIVED
JUN 16 2010
PRO SE OFFICE

**EX PARTE MOTION:**

**16  JUNE  2010**
**(SECOND) MOTION**
**FOR  RECONSIDERATION**

**MOTION DENIED.**

        S/Judge Brian M. Cogan

So Ordered: _____  6/16/10
              Hon. Brian M. Cogan
                   U.S.D.J.

1.     Pursuant to F.R.C.P. Rule 5D and Federal Local Rules, Volume 4, (West Group, 2001) 3rd Edition, (Main, KF 8816 .A2 2001, v.4: NYSSCL: KC) [New York to North Carolina], Local Rules of the United States District Court for the Southern and Eastern Districts of New York Rule 6.3. <u>Motion for Reconsideration or Reargument</u>, the Plaintiff for the many and varied reasons set forth in the accompanying Memorandum in Support of Motion begs the Court for reconsideration of its 2 June 2010 Decision and Order dismissing the Complaint for failure to state a claim.

2.     The Plaintiff proceeds here pursuant to <u>Federal Local Court Rules</u>, Volume 4 (West Group, 2001) 3rd Edition, (Main, KF 8816 .A2 2001, v. 4: NYSSCL: KC), [New York to North Carolina], Local Rules of the United States District Courts for the Southern and Eastern Districts of New York Rule 6.3 <u>Motion for Reconsideration of Reargument</u>.

3.     The Plaintiff proceeds here pursuant to <u>Federal Local Court Rules</u>, Volume 4 (West Group, 2001) 3rd Edition, (Main, KF 8816 .A2 2001, v. 4: NYSSCL: KC), [New York to North Carolina] Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 7.1 <u>Memoranda of Law</u> through his interpretations of the multiple and varied errors (both of fact and substantive issues) made and stated on the part of this Court in its 2 June 2010 <u>Order and Civil Judgment</u> dismissing the <u>Complaint</u> of 10 Civ. 1733 (BMC)(LB) for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).

Under penalty of perjury, I affirm that all of the information contained herein is true and accurate to the best of my knowledge and memory.


ROBERT E. POLES
#232C
105 Carlton Avenue
Brooklyn, NY 11205
917-370-9029                              DATE: 16 June 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**Plaintiff:**                              **DOCKET: 10  CV  1733**
**Robert E. Poles**
**(Pro se)**                                **(BMC/LB)**

            **v.**

                                   **JURY DEMANDED**

**Defendants:**
**Brooklyn Community Housing and Services**
**Jeff Nemetsky**
**"Executive Doe"**
**"Executive Roe"**
**Dorian Muller**
**Robin Walker**

**Borah, Goldstein, Altschuler, Nahins & Goidel, P.C**
**"Supervising Attorney Doe"**
**Christopher Halligan**
**Rosalyne Anna Pak**
**Matthew Weilgus**

**Paul Dankel**
**Eric J. Rivera**



RECEIVED JUN 16 2010 PRO SE OFFICE

## MEMORANDUM IN SUPPORT

## EX PARTE MOTION:

## 16  JUNE  2010
## (SECOND) MOTION
## FOR  RECONSIDERATION

## I.     INTRODUCTION

1.     At Pages 1. through 2. of its 2 June 10 Civ. 1733 (BMC) (LB) Memorandum, Decision, and Order the Court  maintains that,  "Plaintiff has not pointed to any facts in his complaint, nor does his motion refer to any facts that could be included in an amended complaint, that would demonstrate a plausible claim, ...  The defects upon which this Court's Order was based remains."  " ... the absence of any pleading containing a viable claim ..."    The Plaintiff here maintains that his Memorandums supporting his 15 April 2010 Complaint and his <u>Motion to Reconsider</u> both obviated facts demonstrating  plausible and a viable claims.  At Page 4. of the 2 June 10 Civ. 1733 (BMC) (LB) <u>Memorandum, Decision, and Order</u>, the Court maintains: "Plaintiff's claims do not meet the threshold test of having any substance; they simply do not amount to a viable claim for relief." The Plaintiff maintains Plain Error on the part of the Court.

## II.     FEDERAL RULES OF CIVIL PROCEDURE,   RULE 8. General Rules of Pleading

2.     It is respectfully maintained by the Plaintiff here that the Court has failed to construe pleadings so as to  do justice pursuant to  FRCP Rule 8(e) of the <u>15 April 2010 Complaint</u> and the <u>Motion</u> to reconsider the Complaint.  Such constitutes Plain Error done on the part of the Court.

3.     Federal Rules of Civil Procedure ("FRCP"), Rule 8. <u>General Rules of Pleading</u>  sets out the basic requirements for affirmatively stating claims for relief, <u>Ashcroft. v. Iqbal</u>,  129 S. Ct. 1937 (2009). It demands that all pleadings be short and plain.  It further requires that all pleadings be construed to do substantial justice.  Rule 8 reflects a policy of so called "notice pleading," in which less is required in papers setting forth claims and defenses than is required with "fact pleading."    It is the contention of the Plaintiff that he conformed to all of the requirements of Rule 8 in the <u>Memorandums</u> supporting both his  15 April 2010 <u>Complaint</u> and <u>Motion to Reconsider</u> through his utilization of short and plain

statements rather than long and intricate statements.  He did so intentionally with notice to the court and the adversary parties of the intent to amend the 15 April 2010 <u>Complaint</u> through <u>Discovery and Disclosure</u> procedures.


4.      The Plaintiff presented to the Court a short and plain statement of the grounds of jurisdiction pursuant to (a)(1) of Rule 8.  He further presented a short and plain statement of the claim showing that he was entitled to relief pursuant to (a)(2) of Rule 8.  He further presented a demand for relief sought pursuant to (a)(3) of Rule 8.  Further, each allegation made by the Plaintiff was "...simple, concise and direct" Rule 8 (d)(1), with the development of factual detail to be done through the utilization of pre-trial processes of Disclosure and Discovery set forth in Federal Rules of Civil Procedure ("FRCP") 26. through 37.  The Plaintiff reminds the Court of his notice to both the Court and to adversary Parties of his intent to amend the 15 April 2010 <u>Complaint</u> at the final paragraph within the <u>Complaint</u> itself.


5.      With regard to the Court's contentions that the subject matter of the memorandums in support of the 15 April 2010 <u>Complaint</u> and the Motion for Reconsideration were not "plausible" or "viable" in relation to Rule 8,  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions ...  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Ashcroft. v. Iqbal</u>, 129 S. Ct. 1937 (2009).  Such was already established in <u>Bell Atlantic v. Twombly</u> 550 U.S. 544, 570 (2007), where the Supreme Court agreed that a claimant did not meed to set out in detail the facts on which the claim for relief was based, but only needed to provide a statement sufficient to put the opposing party on notice of the claim.  Of course, the same point of law was evident in <u>Swierkiewicz v. Sorema</u>, N.A.  534 U.S. 506, 512 – 513, (2002), citing:  <u>Conley v. Gibson</u>, 355 U.S. 41, at 47 (1957): (pleadings must contain only  short and

plain statements, cognizable claim), and complaint need only  "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Brownlee v. Conine</u>, (7th Cir., 1992) 957 F. 2d 353, 354:  "...the complaint need do to withstand a motion to dismiss for failure to state a claim is 'outline or adumbrate' a violation of the statute or constitutional provision upon which the plaintiff relies, … and connect the violation to the named defendants."


6.     The Plaintiff maintains that within his 15 April 2010 <u>Complaint</u> and his Motion for Reconsideration, he did  provide short and plain legal conclusions adequately supported by factual allegations connecting the Defendants with the violations; and he did further provide statements sufficient to put adversary Parties and the Court on notice of the relevant claims  and the grounds upon which the claims rest.  The Plaintiff has adhered to the threshold test of : "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007). The Court there at 555 – 556 did interpret the basic Rule 8 notice standard as requiring enough facts to state a claim of relief that is plausible on it face.


7.     <u>Conley</u> at 48: "The Federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Swierkiewicz</u>: "The liberal notice pleading of Rule 8 (a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of the claim."  "The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial." <u>Bell Atlantic v. Twombly</u>, at  575.  With "merits" being defined here as "a legal term to be regarded as referring to the strict legal rights of the parties."; (<u>Black's Law Dictionary</u>, 5th Edition, at page 512, West, 1983),  the Plaintiff maintains that the strict legal rights to be afforded the Plaintiff through a liberal interpretation of  his 15 April 2010

<u>Complaint</u> and his <u>Motion for Reconsideration</u> are not being adhered to on the part of the Court, as the plaintiff did meet the threshold test of having substance, the legal conclusions were not  lacking sufficient factual allegations, nor were the allegations deficient in  plausibility or  viability.

<u>Ashcroft. v. Iqbal</u>,  129 S. Ct. 1937 (2009) cited to <u>Twombley</u> to explain what  the "plausibility" requirement means:  "...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ...something more than a sheer possibility that a defendant has acted unlawfully." (both citations from <u>Twombly</u>, at 556).

8.     "[P]lausible"  at Page 1;  of the 2 June 10 Civ. 1733 (BMC) (LB) <u>Memorandum, Decision, and Order</u>,   "Plaintiff has not pointed to any facts in his complaint, nor does  his motion refer to any facts that could  be included in an amended  complaint, that would  demonstrate a plausible claim." "[V]iable" at Pages 2. of the 2 June 10 Civ. 1733 (BMC) (LB) <u>Memorandum, Decision, and Order</u>; "...in the absence of any pleading containing a viable claim ..."  at Page 4.; "Plaintiff's claims ...simply do not amount to a viable claim for relief."

9.     The Plaintiff respectfully points to very recent decisional law of the Second Circuit detailing issues regarding a motion to dismiss upon the issue of "plausibility" from  <u>La Grande v. DeCrescente Dist. Co.</u>  2010 U.S. App. LEXIS 5925 2010.  "... construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences  in the plaintiff's favor." <u>Chambers. v. Time Warner, Inc.</u>, 282 F. 3rd 147, 152 (2d Cir. 2002).  "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face." <u>Ruotolo v. City of New York</u>, 514 F. 3d 184, 188 (2d Cir. 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2D 929 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Turkmen v. Ashcroft, 589 F. 3d 542, 546 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct.  1937, 1949, 173 L. ED. 2D 868 (2009)). Even post-Twombly, we "remain obligated" to construe pro se complaints liberally.  Harris v. Mills, 572 Fd 66, 72 (2d Cir. 2009)."   The Plaintiff has 'pleaded enough facts' and has too pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. in his original 15 April 2010 Complaint, reinforced in more detail in his Motion for Reconsideration.

## III.   STATE ACTION

10.   The Court commits further Plain Error at Page 2 of its 2 June 2010 document: "... with regard to  the absence of any allegations or proffer in his motion to amend showing state action, plaintiff asserts that state action exists because his landlord attempted to utilize the courts to evict him".   The Court misconstrues the facts of the 15 April 2010 Complaint of 10 Civ. 1733 as it has misconstrued the true nature of the allegations as it has with the plausibility and viability issues involving the Federal Rules of Civil  Federal Procedure, Rule 8. (See ¶¶ 2. through 9. herein).  In either of his 15 April 2010 Complaint or his Motion for Reconsideration, the Plaintiff did not intend to, nor attempt to, nor actually imply state action on the part of any of the named or unnamed Defendants.


11.   Further at Page 2. of its 2 June 2010 Memorandum, Decision and Order, the Court relates: "In order to state a cause of action under § 1983, plaintiff would need to allege that there were private parties conspiring with a judge to influence the result of the lawsuit. [citation omitted]  Plaintiff does not suggest any judicial corruption, not any facts suggesting that such an allegation would be plausible."   This is further Plain Error done on part of the Court.  The Plaintiff in his 15 April 2010

Complaint nor in his Motion for Reconsideration alleged violations of 42 U.S.C. § 1983 in the instant action. Such attempted application of a statute within its 2 June 2010 Memorandum, Decision and Order that is nonexistent within the relevant 15 April 2010 Complaint or Motion for Reconsideration obviates confusion on the part of the court and further explains the bases of other misinterpretations and misconstruences done on the part of the Court in its 2 June 2010 Order. .

12.    Simply, the Plaintiff did not intend nor attempt to state a cause of action under 42 U.S.C. § 1983 in the instant action at law. The Plaintiff does much more than merely suggest judicial impropriety in a concurrent action at law within this jurisdiction, 10 Civ. 2263. It is within that action at law that 42 U.S.C. § 1983 is properly relied upon with regard to judicial impropriety as state action..

13.    Upon considerable review of the 15 April 2010 Complaint and the Motion for Reconsideration in the instant action, the Plaintiff has properly relied upon 42 U.S.C. §§ 1981 and 1985.

## A.  42 U.S.C. § 1985.

14.    The Plaintiff in his 15 April 2010 Complaint and his Motion for Reconsideration clearly specified two conspiracies, initiating and maintaining misuse of a legal proceeding. For clarification here, the conspirators did      " … conspire for the purpose of impeding, hindering, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, …(42 U.S.C. §1985(2)). The important point here is the impeding, hindering, or defeating, in any manner, the due course of justice. The due course of justice was unlawfully interfered with by the majority of the named Defendants as they did create and misuse a legal proceeding to accomplish ulterior motives.

15.     And they did too "...conspire, ...for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;"  The important point here is the phrase  either directly or indirectly.  It is maintained by the Plaintiff that the majority of the named Defendants did either directly or indirectly cause and participate in the deprivation of the Plaintiff's  equal protection of the laws, privileges, and immunities through the preventing or hindering of a constituted authority [a duly constituted judicial officer of the Unified Court System] of the State of New York.  It is the contention of the Plaintiff that they conspired to do so and actually initiated and maintained an action at law for those purposes as well as fulfilling other motivations on the part of multiple parties.

16.     The Court at Page 3 of its  2 June 2010 Memorandum, Decision and Order:  "...plaintiff asserts that Defendant Halligan is liable under §1981 because he sought to interfere with the plaintiff's lease, and thus violated plaintiff's right to  "make and enforce contracts."  Defendant Halligan did violate elements of 42 U.S.C. §1981.  And he did too violate the elements of 42 U.S.C. §1985(2) and (3), as did the majority of the remaining named Defendants.  The Plaintiff pursues those  Defendants through the elements of 42 U.S.C. §1985(2) and (3), as "...in any case of conspiracy set forth in this section, if one or more persons engaged therein do, whereby another is injured in his person or property, or deprived of having and exercising  any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.  (42 U.S.C. §1985(3))."

17.     The plaintiff has and continues to  maintain that he was injured in his person, and that he was further injured in his being deprived of having and exercising  rights, privileges, and immunities of a

citizen of the United States.   Such injuries are due to multiple conspiracies done by the majority of the named Defendants.

18.    It is for a jury to determine: the existence of a conspiracy, <u>Aguilera v. State</u>, 667 S.E. 2D 378 (2008); the contours of a conspiracy, <u>U.S. v. Upton</u>, 559 F. 3d 3 (1st Cir. 2009); whether there was an agreement between the parties, <u>State v. Crocker,</u> 621 S.E. 2D 890; what the nature of the agreement was,  <u>State v. Crocker</u>, 621 S.E. 2D 890; whether the defendant was a willing <u>State v. Romano</u>, 456 A 2d 746 (R.I.. 1983); participant <u>State v. Childs</u>,  385 S.E. 2D 839 (1989); when the conspiracy ended. This Court is in Plain Error and abuses its discretion in attempting to dismiss the Complaint based merely upon its misinterpretations of matters of  fact.   With regard to  the various subjects of conspiracy, elements of motives, intent, knowledge, participation are facts for jury, not law for the Court.   Such Plain Error is too arbitrary and capricious in that the full facts of the complexity of multiple conspiracies and other issues are not being allowed by this Court  through Discovery and disclosure as motioned for by the Plaintiff, though the Plaintiff has supplied the Court and the adversary parities with information that is plausible on its face, thus providing viability to the remainder of processes to be had through the action at law.

19.    The Court does not maintain frivolity done on the part of the Plaintiff.  In doing so, the Court has recognized plausibility of the facts presented on the part of the Plaintiff.  The court does improperly attempt to prematurely dismiss the 15 April 2010 <u>Complaint</u> on its misperceptions and misconstruences of  the  facts  presented  to  the  Court  within  the  15  April  2010  <u>Complaint</u>  and  the  Motion  for Reconsideration.   In so doing, the Court errs in attempting to apply  its incorrect and  improper application of law that are misconstrued and misinterpreted as obviated herein above  to the correct and proper facts presented on the part of the Plaintiff.

20.     The Plain Errors of the Court obviating misperception, misconstruence, and decisions based upon misperceptions and misconstruences are  too in the fact of its "state action" discussion and attempting to frame the landlord under an argument involving a "racially motivated" scheme at pages 2. and 3. of the Court's  2 June 2010 document.   Neither of the matters were intended, implied, or presented on the part of the Plaintiff within his 15 April 2010 <u>Complaint</u> or <u>Motion for Reconsideration</u>. Again here, the matters involving the totality of the issues as <u>facts</u> involving multiple conspiracies belong to jury (***see the decisional law of ¶. herein***).   The matters involving the totality of the <u>laws</u> based upon the complete and entire set of facts are properly subject to the Court, once such complete and entire set of facts are made available to all of the Parties and the Court. Discovery and Disclosure has been  motioned for on the part of the Plaintiff in that pursuit. Even after, the Court may only provide proper  instructions to the subject of  conspiracy to a  jury where applicable, and a jury has been requested in the instant action on the part of the Plaintiff.

**B.       42 U.S.C. § 1981.**

**1.       Defendants BCHS and BCHS Employees**

21.     At Page 3. of its  <u>2 June 2010 Memorandum, Decision and Order</u>, the Court states:  "...there is no allegation that plaintiff's landlord was motivated by racial animus."  "... His [Plaintiff's] motions for reconsideration and to amend do not say anything different. ... this would not create a plausible inference that plaintiff's landlord was racially motivated to evict him, ..."


22.     Again, (as with the issue of applicability of 42 U.S.C. § 1983 in the instant case) the Court is confused and mistaken on this point.  The Plaintiff never intended or attempted  to convey racially based invidious animosity on the part of the landlord (Defendant BCHS) nor any of the named or unnamed employees of the  Defendant BCHS.  Such was not necessary to sustain a proper cause of

action in he instant case under the facts of the <u>Complaint</u>.

### 2. Defendant Halligan

23.     The Plaintiff did intend to and did indisputably actually convey racially based invidious animosity done on the part of  Defendant Halligan and possibly other Defendants to be determined through Discovery and Disclosure procedures as delineated repeatedly in the 15 April 2010 <u>Complaint</u>. The Plaintiff maintains here that he did so properly in the 15 April 2010 <u>Complaint</u> properly gaining the benefits of an allegation of 42 U.S.C. §1981.  Thus, the Court in its <u>2 June 2010 Memorandum, Decision and Order</u> is quite incorrect at page 3 there: "The issue, however, is not  Halligan.  Halligan was simply the attorney hired by the plaintiff's landlord to bring the eviction proceeding..."

24.     Defendant Halligan was not "simply" an attorney:

- It was Defendant Halligan who conspired with BCHS Defendants and its employees to initiate the misuse of a legal proceeding.  (15 April 2010 <u>Complaint</u>  ¶¶  34. through 38.; 42. through 44.; 65. through 67.)

- It was Defendant Halligan who conspired with Defendant BGAN&G, (the professional corporation providing legal services to Defendant BCHS and too the employer of Defendant Halligan and other named and unnamed Defendants)  to maintain and to continue such misuse of a legal proceeding.   (15 April 2010 <u>Complaint</u> ¶¶ 68. through 69.; 75. through 77. )

- It was Defendant Halligan who formed the middle portion of the   "Trilogy" of the co-conspirators exposed in the Plaintiff's <u>Motion for Reconsideration</u>., being the pivitol   person, the lynch pin, the hub of the two sets of conspirators.  (**cite locations in Reconsideration**)

- It was Defendant Halligan who obviated his racially based invidious animosity about and to the

Plaintiff while involved in legal proceedings within the action at law in the court below.  (15 April 2010 <u>Complaint</u>  ¶¶ 53. and 54.)

25. By analogy to the facts of the instant case:  "Here, it is sufficient that <u>Boykin</u>'s complaint states that she:

- "is an African American female,"

- describes Keybank's actions with respect to her loan application and alleges that she  "was treated differently" from similarly situated loan applicants ...because of her race, sex, and the location of the property in a predominantly African-American neighborhood.

- In sum, Boykin's allegations taken as true indicate the possibility of discrimination and thus present a plausible claim of disparate treatment.  The complaint gives Keybank notice of Boykin's claim and the grounds upon which it rests that is sufficient to satisfy Rule 8(a) ...dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.  The merits of a claim like Boykin's, which on its face presents a plausible allegation of disparate treatment, should be tested on summary judgment."   <u>Boykin v. Keycorp</u>. 521 F 3d 202, 2008 (2nd Cir.).

26.    By analogy to the <u>Boykin</u> facts and determinations of the Court, the Plaintiff in the instant case here in his 15 April 2010 <u>Complaint</u>:

- ¶ 3.  "...Plaintiff not being a white citizen with such category and classification of the race, ethnicity, and color of the Plaintiff being African-American and Black."

- describes   actions with regard to his interaction with the Defendants through a misuse of legal process:    ¶ 3. "Race-based invidious animosity of Defendants expressed both in words and

deeds based upon the race, ethnicity, and color of the Plaintiff rise to the denial fo the full and equal benefit of all laws and proceedings to the Plaintiff were done through various verbal statements and acts on part of the Defendants, and done too on the part of others, as caused in part by the Defendants' racially discriminatory intent, verbal statements, and acts and too other malicious intentions and actions."   ¶ 12. "Plaintiff: Robert Eugene Poles, African American male."   ¶ 53. "... Defendant Halligan was knowingly, willingly, intentionally, recklessly, and extraordinarily malicious, rude, and disrespectful verbally abusing Poles to include extremely antagonistic and acrimonious personal remarks concerning the race of Poles an African American/Black."   ¶ 74. "Defendant Halligan in his employment capacities knowingly, willingly, intentionally, and recklessly did deny the "full and equal benefit of all laws and proceedings; for the security of property as is enjoyed by white citizens, and was subject to punishment, pains, penalties, and exactions not suffered by white citizens due to the category and classification of the Plaintiff not being a white citizen with such category and classification of the race, ethnicity, and color of the Plaintiff, the Plaintiff being African-American and Black. Defendant Halligan in his employment capacities  knowingly, willingly, intentionally, and recklessly did        further deny Plaintiff's enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship as had by white citizens regarding the existence, performance, and termination of such contract then at issue through the miuse of legal proceeding."   ¶ 75. "Defendant BGAN&G through its agent and employee, Defendant Halligan, within his employment capacities .....did deny the "full and equal benefits of all laws and proceedings" ... [the Plaintiff was]  subject to pains, penalties, and exactions not suffered by white citizen due to the category and classification of the Plaintiff not being a white citizen ...."

- In sum, (as in Boykin of ¶ 25 herein) Poles' allegations taken as true indicate the reality  of

racially based invidious animosity and thus present a plausible claim of discrimination. "Verbal comments constitute evidence of discriminatory motivations when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant's decision ..." Zhang v. Bahr Laboratories 2000 U.S. Dist. LEXIS 6237 (S.D.N.Y. May 8, 2000). "... a police officer's comment that was made during the arrest and that could be interpreted as racist was sufficient to withstand dismissal of a § 1981 claim." Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F. 3d 341, 348 (1st Cir.1995) cited within Hardin v. Meriden Foods, 2001 U.S. Dist. LEXIS 15564 (S.D.N.Y. 2001). In the instant action the 'nexus' (Zhang) is the interaction of Plaintiff Poles with Defendant Halligan during a legal proceeding.

- The 15 April 2010 Complaint gives all Defendants notice of Poles' claims and the grounds upon which they rest that is sufficient to satisfy Rule 8(a). Dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases. The merits of a claim like Poles' is analogous to Boykin's, which the 2nd Circuit found on its face presents a plausible allegation of racially based invidious animosity (as per Boykin, (2d Cir.), Zhang and Hardin (both of S.D.N.Y)).

### IV.    Amendment of Pleadings

27.    The Federal Rules of Civil Procedure ("F.R.C.P."), Rule 15(a)(2). requires courts to grant leave to amend a pleading  "when justice so requires." This is consonant with F.R.C.P. Rule 1. which requires the Courts to apply the rules to "secure  the just, speedy, and inexpensive determination of every action and proceeding." As has been motioned for in the instant action,  F.R.C.P. Rule 8. requires the court to construe pleadings "so as to do justice" especially when considering the elements of F.R.C.P. Rule 61. with regard to the disregarding of "errors and defects that do not affect any party's substantial rights," as the Plaintiff is pro se.


28.    This second <u>Motion for Reconsideration</u> is based upon the observations delineated herein that the Plaintiff has not  made errors and/or defects that are fatal to the sufficiency, plausibility, and viability of the 15 April 2010 <u>Complaint</u> and thus amendment of the <u>Complaint</u> is not improper. According to the additional facts and issues presented herein, the Plaintiff is of the opinion that justice requires the allowance of an amendment of the  15 April 2010 <u>Complaint</u> upon the also simultaneously motioned for appointment of and then under the assistance of legal counsel.  The Plaintiff does so reminding the Court that his  15 April 2010 <u>Complaint</u> did notify the Court of the necessity of amending the <u>Complaint,</u> and then his motion to the Court for the appointment of legal counsel simultaneously with the Plaintiff's 14 May 2010 <u>Motion for Reconsideration,</u> as the Plaintiff had been granted In forma pauperis standing then.  The entirety of the proceedings have not been served upon Defendant parties, thus no substantial rights of those parties have been trampled upon nor prejudices to the same have appeared with regard to amendment of the 15 April 2010 <u>Complaint.</u>


29.    The Plaintiff simultaneously with the 14 May 2010 <u>Motion for Reconsideration</u> motioned the Court for a <u>Stay of All Proceedings Pending Appointment of Legal Counsel,</u> thus preserving his right to

the single amendment of the Complaint allowed as specified within F.R.C.P. Rule 15.  Amended and

Supplemental Pleadings (a) Amendments Before Trial. (1) Amending as a Matter of Course. (B).

Such allowance for liberal amendment of the pleadings in the interest of resolving cases upon their

merits ( Foman v. Davis, 371 U.S. 178, 181-182) is applicable to the current status of the instant action

at law.  It was in the light of such that the Plaintiff motioned then to amend his pleadings, noting that

failure to attach the proposed amendment is not fatal, as the Plaintiff stated his willingness and the

necessity to amend the pleadings  with clarity.  McLaughlin v Anderson, 962 F. 2d 187, 195 (2d Cir.

1992).  Necessity existed and continues to exist in relation to    the conducting of Discovery and

Disclosure, preventing the attaching of the proposed amendment to the pleadings then and here.  As

such the Plaintiff must renew his motion to amend the pleadings of the 15 April 2010 Complaint.


30.     "[A] pro se plaintiff ... should be afforded the ...opportunity ... to amend his complaint prior to

its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it

might be, that an amended complaint would succeed in stating a claim."   Gomez v. USAA

Federal Sav. Bank, 171 F. 3d 794, 796 (2d Cir. 1999).  And thus, given the misconstruences of the

Court in its improper intrusion into the facts of the conspiracies alleged rather than accepting the

factual allegations as true and construing the complaint in favor of the Plaintiff, the Plaintiff should be

given an opportunity to amend the Complaint even if the present motion for appointment of attorney is

denied.


### V.    Appointment of Legal Counsel

31.     Having established merits of the 15 April 2010 Complaint through the explanations within  the

14 May 2010 Motion for Reconsideration and this Second Motion for Reconsideration through the

substantiation of the requisite elements of 42 U.S.C. §§ 1981 and 1985, genuine issues of material facts

in support of those and additional causes of actions, negating 'delusional or fantastical' allegations (frivolity), the Plaintiff in substantiating here again the plausibility of the instant action at law further providing viability, must also renew his motion for the appointment of legal counsel.

32.    The Plaintiff confidently renews his request for the appointment of counsel as he has "met the threshold showing some likelihood of merit." Cooper v. A. Sagenti Co., 877 F. 2d 170, 174 (2d Cir. 1989); Hodge v. Police Officers, 802 F. 2d 58, 59 (2d Cir. 1986).

33.    The Plaintiff does so too requesting the Court's consideration of:
- the indigent's ability to investigate the crucial facts without the assistance of counsel
- whether conflicting evidence implicating the need for cross examination will be the major proof presented
- the indigent's ability to present the case
- the complexity of the legal issues
- special reasons why the appointment of counsel would be more likely to lead to a just determination.

Johnston v. Maha, et. al.  2010 U.S. App. LEXIS 10373  (2d Cir).  The first four conditions listed are suffered by the Plaintiff due to his penury and his inexperience in litigation.

34.    However, the instant case presents special reasons why the appointment of counsel would be more likely to lead to a just determination.  And those special reasons as applied here too are detailed from Cooper at 172:
- the plaintiff's ability to pay for private counsel

- his efforts to obtain a lawyer

- the availability of counsel

Again here, the Plaintiff has attempted to obtain counsel through multiple efforts in the instant case and the matters of 10 cv 2263. And again, the basic issue of penury and the problems encountered with requesting an attorney to prosecute other attorneys, a law firm and a judge in the same geographical region are only too obvious.

35.    However, Cooper at 172 also includes the Court's opinion that the distribution of the resource of court appointed attorneys should be made with reference to "public benefit." And the public benefit factors here are also only too obvious. Also at issue in the cases presented thus far (the instant action and that of 10 cv 2263) are the facts of the New York State Supreme Court Appellate Division, First Department, Departmental Disciplinary Committee and the New York State Committee on Judicial Conduct have both declined any support in providing any disciplinary actions against applicable attorneys, a professional corporation, and a judge.   Thus, the plaintiff views the "public benefit" factor in the current and intended actions at law addressing the full issues concern those disciplinary matters.

36.    Further "public benefit factors" are apparent in the facts that the issues involving the applicable statutes of Title 42 of the United States Code are under "The Public Health and Welfare" with the origins of §§ 1981, 1983, and 1985 in the instant and the action of 10 cv 2263.   The intent of the legislature in creating and maintaining the statutes for the public benefit are too famous.

37.    And thus, the "public benefit" factors in addressing factors of the justice system through the ill

effects of  multiple elements of the  justice system (attorneys, professional corporation of attorneys, judges, and governmental disciplinary agencies for judges and attorneys) as is part addressed herein through Title 42 of the United States Code and elsewhere in Federal law  in the current and intended actions at law are of significant "public benefit."

### VI.    Appointment of Counsel/Amendment of Pleadings: Example of Necessity

38.    In obviating to the Court the absolute necessity of  amending the pleadings through the assistance of appointed counsel in the instant action, the Plaintiff again points to the fact of notifying the Court is his the need to amend the pleadings in the Complaint, and his motioning for the appointment of legal counsel at his earliest opportunity upon notification of the Court granting In forma pauperis status to the Plaintiff.

39.    The Plaintiff then foresaw that complexity of issues and the need for information not available except through Discovery and Disclosure proceedings would require both the assistance of legal counsel and then the allowed amendment to the Complaint.  The Court will note that in the decisional law quoted herein above two of the elements regarding the necessity of the appointment of counsel are complexity and the ability of the Plaintiff to properly and fully process the necessary elements of the action at law.

40.    One example (of the many possible in the instant action)  of the complexities requiring particular Discovery and Disclosure and  then amendment of the Complaint involves one of the primary issues of law in the instant action: conspiracy.  The following exposé is presented in the attempt to convince the Court of the same with regard to a myriad of other issues requiring the

amendment of the Complaint through the assistance of appointed legal counsel.

41.     The Plaintiff invokes the elements of conspiracy through the citing of 42 U.S.C. § 1985. However, the facts of the case also involve the citation of New York State Penal Law with regard to elements of conduct within the conspiracies.  Thus, both civil and criminal conspiracies are proper elements of the action at law.

42.     Thus, elements of 18 U.S.C. Chapter 13. Civil Rights, § 241 <u>Conspiracy against rights</u>.  are appropriate and indeed required in order to fully adjudicate the entirety of the issues of the set of facts. Those same set of facts precluded the availability of the totality of information absent Discovery and Disclosure proceedings as stated in multiple paragraphs of the <u>Complaint</u>.  Aware of the Federal policy of generosity with regard to the opportunity to amend the complaints, the Plaintiff intentionally and cautiously omitted the citation of the elements of Title 18 of the U.S.C. absent adequate, correct  and complete discovery and Disclosure processes.     The subject of crime is raised here in light of the further support of the  "public benefit" element of the Court's responsibility to appoint counsel at law. The elements of the justice system at issue here:  attorneys,  professional corporation of attorneys. a judge, governmental disciplinary agencies  fro both attorneys and judges also involves not mere civil issues, but includes issues of a criminal nature as well.  This emphatically intensifies the necessity of appointment of counsel and the amendment of the pleadings with or without the appointment of counsel.

43.  McKinney's Consolidated Laws of New York, Penal Law, Article 10 Definitions.   § 10.00 <u>Definitions of terms of general use in this chapter.</u> (6.) " "Crime" means a misdemeanor of a felony." The <u>Complaint</u> at pages 26. through 27., ¶¶ 78. and 79.  lists violation of Penal Law §210.40 <u>Making an</u>

apparently sworn statement in the first degree. Violation of such statute is classified as a Class E Felony in New York State law. The Complaint at page 25. and 26., ¶¶ 76. and 77. introduces allegations of McKinney's Consolidated Laws of New York, Judiciary Law, Chapter 30., Article 15, Attorneys and Counselors, § 487., involving deceit and collusion. Violation of such statute is classified as a Misdemeanor. Thus, the Complaint involves multiple "crimes" according to the definition herein, as well as multiple conspiracies; all done on the part of multiple Defendant parties.

44.      Thus, in addition to 42 U.S.C. § 1985, violations of either or both McKinney's Consolidated Laws of New York: Penal Law §210.40 and Judiciary Law § 487. creates liability here for the majority of named and unnamed Defendants under 18 U.S.C. § 241; for as early as United States v. Cruikshank, 92 US 542 (1876), and confirmed through both United States v. Guest 383 US 745 (1966) and United States v. Price 383 US 787, (1966) and then further through Anderson v. United States 417 US 211 (1974): "the purpose and effect of §241 was to reach assaults upon rights under the entire Constitution ..." where specific intent to do so existed, even reaching some or wholly private conspiracies. United States Supreme Court, 137 L. Ed. 2d 1091 Annotation: Validity, construction, and application of 18 USCS §§ 241 and 242 (and similar predecessor provisions), providing criminal liability for conspiring to deprive or depriving, person of civil rights -- Supreme Court cases.

45.      This brief exposition of a single example (of several) of the complexity of the issues involved in this and another related case (10 cv 2263), and in consideration of two other related actions at law to follow evidences too the importance of these actions and issues for the "public benefit."   The public benefit of the public health and welfare concerns of of Title 42. of the U.S.C.; the public benefit of the crimes and criminal offenses of title 18 of the U.S.C.;  the public benefit of the issues of ethics and misconduct of both judges, attorneys at law, professional corporations of attorneys at law, and the

governmental agencies whose duties include the disciplinary concerns of both judges and attorneys at law; the public benefit of the "meaningful access to the courts" through the provision of competent legal services to the indigent citizen; each and all of these factors are at issue here.

### VII. CONCLUSION

45.    For the reasons specified herein, the Plaintiff in response to the Court's 2 June 2010 Memorandum, Decision and Order respectfully requests the Court's (second) reconsideration in its Dismissal of the 15 April 2010 Complaint, its denial of the Plaintiff's Motions for: appointment of legal counsel, a stay of all proceedings pending appointment of legal counsel, and leave to amend the Complaint, (Federal Rules of Federal Procedure, Rule 15).

46.    The Plaintiff establishes herein that he had in fact stated a plausible and viable claim through the adequate pleading standards of the Federal Rules of Federal Procedure, Rule 8.

47.    With regard to the Court's references to the issue of 'state action', the plaintiff respectfully explains herein that the Court is confused and has misconstrued the actual facts alleged within the Complaint. The Plaintiff simply did not intend to, attempt to, nor did apply the concept of state action to the Defendants of the instant action. Nor is state action a requisite element for the survival of the Complaint. State action as a requisite element for the survival of the Complaint does exists in a separate action at law concurrently pursued in this jurisdiction: 10 cv 2263.

48.    With regard to the Court's references to the issue of the racially motivated invidious animosity, the Plaintiff herein has substantiated the correctness of his original pleading and his explanation of the same in his 14 May 2010 (first) Motion for Reconsideration in th instant action at law.

49.   With regard to the Court's denial of opportunity to amend the Complaint and for the appointment of legal counsel, the Plaintiff herein has supported through the explanation of applicable facts the necessity for both.


50.   The Plaintiff maintains that the Court has abused its discretion, is arbitrary, capricious, and is in plain error in dismissing the Complaint, denying appointment of legal counsel, denying a motion for a stay of all proceedings pending appointment of legal counsel, and too in denying leave to amend the Complaint thereafter.

I hereby attest under the penalty of perjury that all of the information contained herein above is true and correct to the best of my memory and knowledge.

ROBERT E. POLES
#232C
105 CARLTON AVENUE
BROOKLYN, NY 11205
917-370-9029

DATE: **16  JUNE  2010**

GEORGIANNA I. GLOSE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GL6122725
Qualified in Kings County
My Commission Expires February 22, 2013